## Case No. 1,712.

### BOVING et al. v. LAWRENCE.

[1 Blatchf. 616.][1]

Circuit Court, S. D. New York. Oct. Term, 1850.

CUSTOMS DUTIES—GARDEN SEEDS.

1. Where certain seeds, such as mustard, caraway, cardamon, and fenugreck, were invoiced as seeds, and the jury found that they were known as such in trade: *Held*, that they fell within Schedule I in the tariff act of July 30th, 1846 (9 Stat. 49), under the head of "garden seeds, and all other seeds not otherwise provided for," there being several kinds of seeds specifically provided for in the act.

2. Those words in Schedule I cannot be restricted to seeds imported for agricultural purposes.

At law. The plaintiffs [Cornelius Boving and Melchior Wiltie] brought this action against [Cornelius W. Lawrence] the collector of the port of New-York, to recover back an excess of duties paid on mustard seed, caraway seed, cardamon seed, and fenugreck seed, in a crude state. At the trial, before Mr. Justice Nelson, in November, 1848, it appeared that the articles were invoiced by the above names; that the plaintiffs were importers of drugs; that the articles were kept and sold by druggists; that they were all of them medicinal; that seedsmen and grocers also kept mustard seed; that cardamon seed and fenugreck seed were used exclusively for medicinal purposes; that caraway seed was used by bakers; and that mustard seed was chiefly sold by grocers. Evidence was given on both sides on the question whether the articles were known to the trade as medicinal drugs or as seeds. The plaintiffs claimed, that they were seeds,

and were free of duty under Schedule I of the act of July 30th, 1846 (9 Stat. 49), under the head of "garden seeds, and all other seeds not otherwise provided for." The defendant claimed, that they were subject to a duty of 20 per cent. ad valorem, which was the duty charged on them, either under Schedule E as "medicinal drugs, in a crude state, not otherwise provided for," or under section 3 as non-enumerated articles. The court charged the jury, that the only question for them to consider was, whether the articles were seeds, and known in commerce as such, and that if they should be of opinion on the evidence that, commercially speaking, they were seeds, and so called and known, the plaintiffs were entitled to a verdict. The jury found for the plaintiffs, and the defendant now moved for a new trial, on a case. [Denied.]

Francis B. Cutting, for plaintiffs.
J. Prescott Hall, Dist. Atty., for defendant.

NELSON, Circuit Justice. There are several sorts of seeds provided for specifically in the act of 1846 [9 Stat. 49], such as aniseed, flaxseed, hempseed, linseed, &c., and it is claimed, therefore, by the plaintiffs, that the seeds in question in this case are necessarily embraced in the free list in Schedule I, under the head of "all other seeds, not otherwise provided for." The articles have always been imported as seeds, and it is found by the jury that they are known in trade by that denomination, and are bought and sold as such. It is supposed, however, by the defendant, that the words "all other seeds," in the connection in which they are found in the free list—"garden seeds, and all other seeds, not otherwise provided for" —are to be confined to seeds imported for agricultural purposes; and that, if seeds are imported for any other purpose, they must be ranged under some other head, or fall within the third section of the act. But we do not see how the terms can be thus restricted. They are very broad—"garden seeds, and all other seeds, not otherwise provided for." Others are provided for, and the phrase, therefore, seems to leave nothing for intendment. We think that the finding of the jury, in connection with the clause in the free list, is decisive of the question. New trial denied.