### KAUFMANN et al. v. UNITED STATES.

(Circuit Court, S. D. New York. February 18, 1897.)

CUSTOMS DUTIES—CLASSIFICATION—MILLET PULP.

Millet pulp, from which the hull has been removed, though adapted for use as food and not for agricultural purposes, and which will not germinate, is dutiable under paragraph 206½ of the tariff act of 1894, as seeds. Boving v. Lawrence, 1 Blatchf. 616, Fed. Cas. No. 1,712, followed.

Comstock & Brown, for importers.
Henry C. Platt, for the United States.

TOWNSEND, District Judge (orally). The merchandise in question is millet pulp from which the hull has been removed. It will not germinate, and is not used for agricultural purposes. It is used for bird food or in the preparation of food for man. It was assessed for duty under section 3 of the tariff act of August 28, 1894, as a nonenumerated manufactured article. The importer protested, claiming that it was dutiable under paragraph 206½ of said act, directly or by similitude to "garden seeds, agricultural seeds, and other seeds, not specially provided for." Were it not for the decision of Mr. Justice Nelson in Boving v. Lawrence, 1 Blatchf. 616, Fed. Cas. No. 1,712, I should sustain the decision of the board of general appraisers. The product in question is not included in the common understanding of the word "seeds," nor in the meaning given to "seeds" in the dictionary. It has been advanced by manufacture so as to pass from the group of garden or agricultural seeds to the group of food products. It is not only dissimilar to such seeds in condition and the purpose to which it is applied, but it has been, by a process of hulling, deprived of the germinative quality essential to its use as garden or agricultural seeds. The article is, however, commercially known and dealt in as seeds. In Boving v. Lawrence, supra, the court held, construing a similar provision, that, as the articles had always been bought and sold and known in trade as "seeds," they were free under the clause, "garden seeds and all other seeds not otherwise provided for." The decision of the board of general appraisers is therefore reversed.